# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAMDOUH HUSSEIN,<br><br>Plaintiff,<br><br>v.<br><br>LOLITA REALITY et al.,<br><br>Defendants. | Civ. No. 2:11-cv-03955 (KM)(MAH)<br><br>**MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on a motion by Arthur Glatman to dismiss Mamdouh Hussein's Second Amended Complaint ("SAC"). Generally, Plaintiff Hussein alleges that his apartment building's superintendent, Jose Marrero, harassed and attacked him on multiple occasions; that his landlords failed to protect him; and that these defendants and the landlord's attorney, Arthur Glatman, attempted to use the courts to intimidate and silence him. The SAC alleges violations by these defendants under 42 U.S.C. § 3601 (the Fair Housing Act), as well as state law claims of assault, battery, intentional infliction of emotional distress, and malicious prosecution.

The motion cites several bases for dismissal of the SAC, including Fed. R. Civ. Proc. 12(b)(6), statute of limitations, ripeness, and defective service. The Court, however, finds that the only federal claim in the complaint, brought under the Fair Housing Act ("FHA"), is barred by *res judicata*. I therefore, *sua sponte*, dismiss the FHA claim, and will further decline to exercise supplemental jurisdiction over Hussein's remaining state law claims.

1

## I. Background

The SAC, filed April 19, 2012, names as defendants Lolita Realty ("Lolita"), Robert Payne and Anita Payne (collectively, "the Paynes"), Allen Payne, Arthur Glatman, and Jose Marrero.[1] (Docket No. 27). It alleges four counts against all Defendants: (1) failure to provide services because of ethnicity under the Fair Housing Act, 42 U.S.C. § 3601 (SAC ¶¶ 58 - 63); (2) malicious prosecution (*Id.* ¶¶ 64 – 67); (3) assault and battery (*Id.* ¶¶ 68 – 73); and (4) intentional infliction of emotional distress (*Id.* ¶¶ 74 – 76). Hussein requests compensatory damages, punitive damages, court costs, and other equitable relief.

The history between the parties is long and contentious. In addition to multiple state court proceedings,[2] Hussein filed a civil case in this Court in 2009 before Judge Debevoise. *Hussein v. State of New Jersey et al*, No. 09-1291 (D.N.J. 2009) (the "Debevoise action"). The Amended Complaint in that case named as defendants the State of New Jersey, Jon Corzine, Mayor J. Healy, the Jersey City Police Department, the City of Jersey City, the Jersey City Municipal Prosecutor, the Hudson County Prosecutor and Assistant Prosecutor, Lolita Realty, and Anita and Robert Payne. *Id.* (Docket No. 8). That Amended Complaint alleged seven counts: (1) against all Defendants for excessive force under 42 U.S.C. § 1983; (2) and (3) against all Defendants for violations of the Fifth, Seventh and Fourteenth Amendments under § 1983; (4) against all Defendants for assault and battery; (5) against all Defendants for negligence, gross negligence, and negligence per se; (6) against Lolita and the

---

[1] The complaint also names as Defendants "John Doe 1-5." However the complaint fails to clarify who "John Doe 1-5" represent, and what, if any, claims are made against the unnamed defendants.

[2] The litigation history between the parties includes: (1) June 2006 criminal complaint by Hussein against Marrero for assault, (2) June 2006 complaint by Marrero against Hussein in Jersey City Municipal Court, (3) September 2006 criminal assault complaint by Marrero against Hussein, (4) July 2006 landlord-tenant case by Lolita Realty against Hussein in Hudson County Superior Court, and (5) March 2007 landlord-tenant case by Lolita Realty against Hussein. None of these matters are pending at this time.

Paynes for negligent hiring and continued employment of Marrero; and (7) against all Defendants for violation of Title VII of the Civil Rights Act of 1964. *Id.* Judge Debevoise dismissed the complaint as to the State of New Jersey and Jon Corzine on January 26, 2010. *Id.* (Docket No. 30). The claims against the remaining defendants were dismissed on March 10, 2010. *Hussein v. New Jersey*, (No. 09-1291) 2010 WL 891843 (D.N.J. 2010) (Docket No. 37).

Hussein then filed this case, which was assigned to District Judge Claire C. Cecchi. On August 1, 2012 the case was reassigned from Judge Cecchi to me. (Docket No. 24).

The plaintiff here, Mamdouh Hussein, was the tenant of apartment B5 at 111 Garrison Avenue, Jersey City, Hudson County, New Jersey. Hussein is of Arabic national origin. During the relevant time period, Lolita Realty was the owner of 111 Garrison Avenue. Robert and Anita Payne were the owners and officers of Lolita. Joseph Marrero was the Superintendent of 111 Garrison Avenue. Arthur Glatman, an attorney, represented Marrero, Lolita, and the Paynes in various actions against Hussein from 2006 to 2008.

Hussein's SAC is factually based on the same ongoing feud with his landlord and superintendent that formed the basis of the 2009 action before Judge Debevoise. The SAC alleges that, beginning in 2006, Jose Marrero continually harassed Hussein—repeatedly cutting his electric and cable wires, shutting off his electricity, failing to make repairs, and verbally and physically assaulting him. SAC ¶¶ 16 – 45. These allegations are interspersed with descriptions of prior legal proceedings between the Plaintiff and Defendants. *Id.* ¶¶ 34 – 56. The core allegations of historical fact, however, are as follows:

1. On June 24, 2006, Marrero struck Hussein in the chest with the handle of a screw driver, requiring a two day hospitalization. *Id.* ¶¶ 20 – 21.

2. On July 2, 2006, Marrero approached Hussein in the basement of the apartment building, spat on him, and punched him in the back. Marrero

3

told Hussein, "I can kill you in the basement and no one would know." *Id.* ¶ 23.

3. On July 7, 2006, Marrero refused Hussein's rent check, kicked him in the buttocks, and stated, "No one is going to accept your money you f[*]ing Arab. We are going to get all you f[*]ing Arabs out." *Id.* ¶ 24.

4. Hussein's electricity was turned off on July 27, 2006, August 15, 2006, September 9, 2006, and September 12, 2006. *Id.* ¶¶ 28 – 29, 31, 36.

5. On September 10, 2006, Marrero threatened to cut off Hussein's electricity and to kill him. *Id.* ¶ 32.

6. On September 23, 2006, Marrero threatened and spat on Hussein, and the electricity was disconnected. *Id.* ¶ 38.

7. On April 18, 2007, Marrero assaulted Hussein with a wrench, fracturing his ribs. *Id.* ¶43.

8. On November 22, 2007, Marrero came to Plaintiff's apartment under the guise of looking for a leak and struck Plaintiff on the forehead with an object. *Id.* ¶ 45.

9. During 2006 and 2008, attorney Arthur Glatman made false statements to a court mediator and Jersey City Municipal Court, and prevented a witness from testifying on Hussein's behalf. *Id.* ¶¶ 34, 46, 48, 50.

10. In November, 2010, Defendants failed to repair a leak under Hussein's bathroom sink, which resulted in his slipping and falling on December 12, 2010. *Id.* ¶ 55.

The factual allegations in the SAC are parallel to those in Hussein's 2009 case before Judge Debevoise. *See Hussein v. New Jersey*, 2010 WL 891843 at *1-5. Only one allegation -- the trivial claim that in November 2010 the landlord failed to repair a leak under Hussein's sink -- post-dates the Debevoise action.

## II. Discussion

Arthur Glatman was the only Defendant to respond to the SAC, moving to dismiss the complaint on the grounds of statute of limitations, ripeness, inadequate service, and failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). (Docket No. 38). Glatman's arguments may have merit.[3] This Court, however, finds that a separate issue, *res judicata*, provides the pertinent basis for dismissing the complaint.

### A. Standard of Review

The Court may dismiss, *sua sponte*, claims barred by *res judicata*. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. July 2, 2003) (not precedential) (affirming district court's *sua sponte* dismissal of complaint on grounds of *res judicata* and collateral estoppel); *see also Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 352 (D.N.J. 2003) ("if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised") (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting) (quoted in *Arizona v. California*, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000)).

---

[3] Without making a formal finding, the Court notes that the statute of limitations most likely expired on these claims. It is also probable that Hussein's complaint in its current form would not withstand a Fed. R. Civ. Proc. 12(b)(6) analysis. *See e.g. Carter v. Hamilton Affordable Hous., LLC*, No. 9-cv-2399 FLW, 2009 WL 3245483 (D.N.J. Oct. 6, 2009) (citing *United States v. Branella*, 972 F.Supp. 294, 299 (D.N.J. 1997)) (establishing elements of FHA claim).

Federal *res judicata* law requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984); *Meza-Role v. Partyka*, No. 12-3885, 2013 WL 1340643, at *2 (3d Cir. Apr. 4, 2013) (citing same).

### B. The FHA Claim is Precluded by the Debevoise Action.

The FHA claim in this action meets the three *Athlone* requirements and is dismissed with prejudice against all Defendants.

#### 1. The Dismissal of the Debevoise Action Was Valid, Final, and on the Merits.

For *res judicata* to apply there must have been a final judgment on the merits in the prior case. *Athlone Indus.*, 746 F.2d at 983. The Debevoise Action was dismissed in 2010 for failure to state a claim pursuant to 42 U.S.C. § 1915e(2), and for lack of jurisdiction. *Hussein v. New Jersey et. al*, No. 09-cv-1291, 2010 WL 891843 (D.N.J. Mar. 10, 2010). At that time, the case was terminated. Order, *Hussein v. New Jersey et. al*, No. 09-cv-1291 (D.N.J. Mar. 10, 2010), Docket No. 37. Hussein appealed the dismissal (Docket No. 38), but the United States Court of Appeals for the Third Circuit affirmed Judge Debevoise's dismissal of the action. *See* Judgment, *Hussein v. New Jersey et. al*, No. 10-2018 (3d Cir. Nov. 18, 2010) (docketed as mandate at D.N.J. No. 09-cv-1291, Docket No. 50). Judge Debevoise's dismissal was therefore valid, final, and on the merits.

#### 2. The Debevoise Action Involved the Same Parties or Their Privies.

The Defendants in this case are the "same parties or their privies" as in the prior Debevoise Action. *Athlone Indus.*, 746 F.2d at 983. Defendants Lolita and Anita and Robert Payne were named in the Debevoise Action. Defendants Marrero, Glatman, and Allen Payne were not defendants in the first suit, but they are closely aligned with and related to Lolita and the Paynes.

The Third Circuit has held that "*res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)); *see also Salerno v. Corzine*, 449 F. App'x 118, 122-23 (3d Cir. Oct. 26, 2011) (not published) (affirming *sua sponte* dismissal on claim preclusion grounds and finding "ample grounds to find the privity requirement satisfied" where newly named defendants and defendants in first suit "advance common goals as agents of a single employer.")

Defendants Marrero and Glatman have a "close or significant relationship" to the other named Defendants, satisfying the privity requirement. Marrero was the employee and agent of Lolita Realty (which is owned by the Paynes) during the period of the complaint. Marrero's alleged statement in July 2006 when refusing Hussein's rent check is the only potential basis for a claim that any of the Defendants in this action discriminated against Hussein. Similarly, Glatman is closely related to the Paynes and Lolita. The factual allegations against Glatman arise exclusively from his legal representation of Lolita and the Paynes against Hussein.

More generally, Hussein's claims are brought against all Defendants, who together allegedly waged a "campaign of harassment and intimidation." SAC ¶ 57. Thus the complaint on its face alleges that the Defendants are advancing common goals. *Corzine*, 449 F. App'x at 122-23; *see also Kappel v. Housing Authority*, No. 11-7323, 2011 WL 5374105, at *4 (N.D. Ill. Nov. 7, 2011)

(unreported) (finding privity in case arising under FHA and ADA where one of the defendants in the second case served as counsel to other individual defendants in the first case).

The SAC contains no specific allegations directed at Allen Payne. The only possible, inferable basis for a claim against Allen Payne is that he was an associate or agent of the other defendants, seeking a common goal.

There is thus a sufficiently close and significant relationship between Defendants Marrero, Glatman and Arthur Payne, and Lolita Realty or the Paynes to meet the "same parties or their privies" prong of the *Athlone* analysis.

### 3. This Suit is Based on the Same Cause of Action.

The third prong of *Athlone* requires that the second suit be based on the same cause of action as the first. 746 F.2d at 983. The claims raised by Hussein in this case, including the claim under the FHA, are based on the same factual allegations and causes of action asserted in the Debevoise action. Under the doctrine of *res judicata*, a valid judgment is preclusive of matters that were raised or should have been raised in the earlier suit.

"Cause of action," for these purposes, signifies something much broader than the legal label attached to a claim. In *Athlone*, the Third Circuit noted that "'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for *res judicata* purposes." 746 F.2d at 983 (quoting *Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 588 n. 10 (3d Cir.1975)). Rather, courts look to the "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982). *Res judicata* gives a judgment preclusive effect to not only the matters determined in the earlier action, but "to all relevant matters that could have been so determined." *Untracht v. West Jersey Health System*, 803 F. Supp. 978, 982 (D.N.J. 1992).

The claims Hussein raises here essentially duplicate those brought in the Debevoise action. The underlying events in both the first and second cases are virtually identical. The FHA claim in this case contains the only "new" grounds for relief, citing a discriminatory statement attributed to Marrero. But that "new" claim is based on a 2006 event that occurred prior to Hussein's first suit and in the same timeframe as the other allegations. As Hussein's SAC posits, the alleged discriminatory statement is part of the same "campaign of harassment and intimidation." SAC ¶ 57. It is subsumed by the claims in the Debevoise action; *a fortiori* it "could have been . . . determined" there. *Utracht*, 803 F. Supp. at 982.

The FHA claim in this action rests on the same events and pattern of conduct alleged in the Debevoise action. It could and should have been brought, if at all, in the first action, and it is barred by *res judicata* here. The FHA claim satisfies the third requirement under *Athlone*.

The three requirements of *Athlone* having been met, the FHA claim raised in Count 1 of the SAC is barred by *res judicata*, and is hereby dismissed with prejudice.

### B. The State Law Claims are Dismissed for Lack of Jurisdiction.

The Plaintiff's remaining state law claims for assault and battery, intentional infliction of emotional distress, and malicious prosecution[4] may be precluded as well. I choose, however, to dismiss them for lack of jurisdiction.

---

[4] Hussein's SAC does not specify whether his malicious prosecution claim was brought under state law or as a violation of 42 U.S.C. § 1983. The Court assumes the claim was brought under state law, but a § 1983 claim would also be properly dismissed. Hussein's § 1983 claims were dismissed in the Debevoise action and would be barred by *res judicata*. Furthermore, none of the defendants in this action are state officials and they are not alleged to have acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

9

This Court had original federal-question jurisdiction over Hussein's FHA claim, because it would arise under the Constitution and laws of the United States. *See* 28 U.S.C. § 1331. Diversity of citizenship is absent. *See* 28 U.S.C. § 1332. The remaining state law claims are therefore in the case only pursuant to the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original jurisdiction, the supplemental jurisdiction statute grants the discretion to dismiss the remaining state-law claims. 28 U.S.C. § 1367(c)(3). Because no substantial federal question is presented, and there has been no substantial investment of federal-court resources in adjudicating the state claims, dismissal seems the better course.

The FHA claim having been dismissed, the Court will exercise its discretion to decline supplemental jurisdiction over Hussein's remaining state law claims. Counts 2, 3, and 4 of the Second Amended Complaint will therefore be dismissed.

## III. Conclusion

For the foregoing reasons, the Second Amended Complaint is dismissed in its entirety. An appropriate Order will be filed.

**Kevin McNulty**
**United States District Judge**

Dated: October 3, 2013

---

the alleged deprivation was committed by a person acting under color of state law."); *City of Greenwood v. Peacock*, 384 U.S. 808, 829 (1966).